**William E. BAILEY, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 45S00-8712-CR-1182.**

Supreme Court of Indiana.

Sept. 1, 1989.

Marce Gonzalez, Jr., Appellate Div., Lake Superior Court, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for State.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Robbery, a Class B felony, for which he received a sentence of fifteen (15) years.

The facts are: On January 17, 1987, two men robbed the Tiger's Den Lounge in Gary, Indiana. Several shots were fired during the course of the robbery. However, no one was injured by the shooting. One of the patrons, Edward Kind, fled the bar when the robbery started. He entered his car across the street with the intention of going for police when the two robbers exited the bar.

After they were outside, they noted a patron inside the bar was looking out the door, and a shot was fired in his direction. Then one of the robbers noticed Kind in his automobile and stated to the other robber, appellant in this case, that Kind was one of the patrons inside the bar when they entered.

Appellant then, with gun in hand, moved toward Kind's automobile. Kind testified that this alarmed him, and he placed the car in motion, striking appellant and knocking him to the pavement. The impact caused appellant to lose his grip on his gun, and it slid under an automobile parked nearby. Kind stood over appellant until police arrived and arrested him.

The only issue raised in this appeal is appellant's position that he was denied a fair trial due to the State's improper reference to his silence upon apprehension. Appellant further interprets the remarks by the prosecuting attorney as a comment on his election not to testify at his trial.

During final argument, the prosecuting attorney summarized the testimony of Corporal Upshaw, the officer who arrived on the scene as Kind and others were holding appellant awaiting police arrival.

During Upshaw's testimony, the prosecutor asked, "What did the defendant say?" Upshaw responded, "Nothing, not much, but he was mad. He was irate. He was angry."

The prosecutor stated during final argument:

"Corporal Upshaw didn't say the defendant stayed there and said, 'Hey, you have the wrong man.' Didn't hear any testimony like that. 'Hey, I didn't do it. It was the other guy.'"

At that point, defense counsel objected to the prosecutor making such remarks, and the court sustained the objection. No motion was made to admonish the jury nor was there any motion for a mistrial. Nevertheless, appellant takes the position that the comments of the prosecutor were so detrimental that we should order a new trial. He concedes that the comments of the prosecutor are subject to the interpretation that he was referring only to appellant's lack of denial of guilt at the scene. However, he argues that the prosecutor's comments could also be interpreted as a reference to appellant's failure to testify during his trial.

We would observe that to interpret the prosecutor's remarks as a comment on appellant's failure to testify is indeed stretching a point. The prosecutor was obviously commenting on the police officer's testimony, which was confined entirely to appellant's reaction to his capture at the scene of the crime. There is nothing in the prosecutor's comments that could logically be ascribed to appellant's failure to testify at trial.

As to appellant's claim that this Court should reverse his conviction because of the prosecutor's comments as to his failure to deny his guilt at the time of his capture, trial counsel objected immediately upon the statements being made, and the court sustained the objection. Even had defense counsel moved for a mistrial the trial court would not have erred in denying the same. Although the prosecutor's comments were ruled improper by the trial court, they were not of such a grave nature that it can be said they placed the defendant in a position of grave peril.

The evidence in this case is overwhelming that appellant was one of the robbers of the lounge. In view of this overwhelming evidence, it hardly can be said that the jury could have been unduly influenced by the prosecutor's observation that appellant made no denial of his guilt at the time he was arrested. Any error in this regard was harmless beyond a reasonable doubt. We see no reversible error.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.